UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LANE,

    Plaintiff,

v.                              CASE NO. 2:06-CV-14024
                                 HONORABLE AVERN COHN

DEPUTY E. BALCAREL;

    Defendant.
_____/

**ORDER OF SUMMARY DISMISSAL**

**I.**

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is *pro se* and has requested permission to proceed without prepayment of the filing fee (*in forma pauperis*).

On September 19, 2006, the Court issued an Order to Show Cause, giving plaintiff fourteen days from the date of the order to explain in writing why his complaint should not be dismissed under 28 U.S.C. § 1915(g). The Order to Sow Cause was based on the fact that plaintiff had five prior prisoner civil rights cases dismissed as being frivolous, malicious, or for failing to state a claim upon which relief can be granted, as follows:

| Case Number | Defendant(s) | Date Dismissed | U.S. District Judge |
|---|---|---|---|
| 00-CV-304 | Bolden | 713/00 | Enslen (W.D. of Mich) |
| 00-CV-080 | Deal, et. al. | 8/3/00 | Bell (W.D of Mich) |
| 02-CV-292 | Hunter, et. al., | 5/22/02 | Quist (W.D. of Mich) |

| | | | |
|---|---|---|---|
| 02-CV-73608 | Ahmed, et. al. | 1/22/03 | Edmunds (E.D. of Mich) |
| 06-CV-11556 | King , et. al. | 5/17/06 | Steeh (E.D. of Mich) |

## II.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a district court may dismiss an incarcerated plaintiff's civil case if, on three or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted.  See 28 U.S.C.§ 1915(g) (1996); See also Thaddeus-X v. Blatter, 175 F. 3d 378, 400 (6th Cir. 1999); Witzke v. Hiller, 966 F. Supp. 538, 540 (E.D. Mich. 1997).  The "three strikes" provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury.  See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).  A district court may sua sponte raise the three strikes provision of the PLRA.  See Witzke, 966 F. Supp. at 539.

In response to the Order to Show Cause, plaintiff says that the complaint should not be dismissed, because he has stated a colorable retaliation claim.  However, as stated above, in order to overcome the "three strikes" provision, plaintiff must allege that he is in imminent danger of serious physical injury in order to proceed in forma pauperis.  Because plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, he cannot proceed in forma pauperis.  Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914.

2

### III.

Accordingly, plaintiff's request for *in forma pauperis* status is DENIED under 28 U.S.C. § 1915(g).

Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE to being refiled upon payment of the applicable filing fee under 28 U.S.C. § 1914.

SO ORDERED.

                                            s/Avern Cohn
                                            **HON. AVERN COHN**
                                            UNITED STATES DISTRICT JUDGE

Dated: 10/16/06